Filed 8/25/15  P. v. Anaya CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051297 |
| v. | (Super. Ct. No. 09WF2422) |
| ALLEN ALEX ANAYA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Request to augment record on appeal.  Appeal dismissed.  Request granted.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Allen Alex Anaya appeals from a postjudgment order granting his application to redesignate his felony drug conviction as a misdemeanor under the "Safe Neighborhoods and Schools Act" (Proposition 47). Defendant claims the trial court should not have imposed parole because he was not currently serving a sentence as required by Penal Code section 1170.18, subdivision (a) (all further statutory references are to this code).

The appellate record is inadequate for us to determine whether defendant was currently serving or had already completed his felony sentence. Even so, in light of subsequent developments in the trial court which were taken based largely upon our recent decision in *People v. Morales* (2015) 238 Cal.App.4th 42, 48 (*Morales*), we conclude the appeal is now moot and should be dismissed.

## FACTS AND PROCEDURAL HISTORY

In January 2010, defendant pleaded guilty to simple possession of methamphetamine, and admitted five "strike" priors. The trial court sentenced him to a prison term of five years, advised him that upon release he would be on parole for up to three years, and awarded him 75 days presentence custody credits.

Some time later defendant was released from prison, but the record does not reveal whether he was actually placed on parole as earlier advised, or on postrelease community supervision (PRCS) pursuant to section 3451, subdivision (a).

In 2014, the voters passed Proposition 47, which reclassified certain offenses from felonies to misdemeanors, and also enacted section 1170.18. Under subdivision (a), if the defendant is still serving a felony sentence, the defendant can have that sentence recalled and be given a misdemeanor sentence instead. Defendants who are resentenced are subject to one year of parole unless the trial court, in its discretion, waives the parole requirement. Under subdivision (f), if the defendant has completed his

2

felony sentence, he can petition to have it redesignated a misdemeanor, and no parole period applies.

In January 2015, defendant filed an application to redesignate his felony conviction as a misdemeanor under section 1170.18, subdivision (f), or, in the alternative, to recall that sentence under section 1170.18, subdivision (a). The trial court granted defendant's application in part and recalled his sentence under subdivision (a), sentenced him to 365 days in county jail, gave him 365 days credit for time served, and, over his objection, imposed one year of parole.

## DISCUSSION

*1. We Cannot Determine if Defendant Was "Currently Serving a Sentence."*

Defendant contends the court erred when it imposed one year of parole under section 1170.18, subdivision (d). He argues that because he had completed his entire five-year prison term before his redisignation application was heard, he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a).

The People assert, based upon *People v. Nuckles* (2013) 56 Cal.4th 601, the word "sentence" in the phrase "currently serving a sentence" includes any period of parole following release from prison, and that defendant's argument ignores the original sentencing order including the advisement about being on parole for up to three years.

But nothing in the record establishes defendant's actual parole or PRCS status at the time of the redesignation hearing. In fact, the only reference to his custody status at that time was defense counsel's statement, "[defendant] did receive a five year sentence on this case, and it looks like he had one violation on his PCS, for which he served 75 days." The "PCS" reference might mean defendant was on PRCS.

If he was on PRCS at that time, then defendant was still serving a sentence under section 1170.18, subdivision (a). (*Morales*, *supra*, 238 Cal.App.4th at p. 48.) The same would be true, a fortiori, if he was on parole at that time. In either circumstance, the court could have correctly imposed parole, after recalling his felony sentence and

3

giving him a misdemeanor sentence.  We just cannot make that determination on the record before us.  Fortunately, as we will explain in the next section, the appeal is now moot.

2. *The Appeal Is Moot As A Result of Subsequent Developments In The Trial Court.*

Defendant has filed a request to augment the record with an order recently issued by the trial court based mainly on our decision in *Morales*.  We received no opposition and defendant's request to augment the record is granted.

The subject order states, in relevant part:  "1.  The sentence . . . is changed to 364 days.  [¶] 2.  Defendant's total credits are changed to 62 months, 15 days.  [¶] 3.  Since Defendant's total credits . . . exceed the total sentence, including both confinement time and the period of parole, Defendant is immediately discharged from parole (as to this matter)."

In defendant's request for judicial notice, he contends that in light of this order, "the appeal appears to be moot."  We agree.

## DISPOSITION

The appeal is dismissed as moot.

THOMPSON, J.

WE CONCUR:

FYBEL, ACTING P. J.

IKOLA, J.

4